UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MOHAMMED KHAN,

                            Plaintiff,

      -against-

GENERAL WELDING SUPPLY CORP.,

                            Defendants.
-------------------------------------------------------------------X

**Case No.:**

**COMPLAINT**

        The Plaintiff, Mohammed Khan (hereinafter "Plaintiff" or "Khan"), by and through his attorneys, Shalom Law, PLLC, alleges and states as follows:

**PRELIMINARY STATEMENT & NATURE OF THE ACTION**

      1.     The Plaintiff brings this action against General Welding Supply Corp. (hereinafter "GWSC" or the "Defendant") for violations of the Family and Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. §§ 2601, *et seq.*, the Americans with Disabilities Act (hereinafter the "ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the New York State Human Rights Law (hereinafter "NYSHRL"), New York Executive Law § 296(1)(a).

      2.     This is an action seeking damages against GWSC for discrimination and retaliation against the Plaintiff for exercising his statutory rights to job-protected leave, for their failure to engage in an interactive dialogue to determine whether Plaintiff may be entitled to a reasonable accommodation, for otherwise discriminating and retaliating against Plaintiff on account of his disability during his employment for availing himself of his rights.

**PARTIES**

      3.     Plaintiff is a citizen of the State of New York, currently residing in the County of Queens within the State of New York.

4.  Plaintiff was an employee of GWSC as defined by the FMLA, ADA, and NYSHRL, as he worked there at all relevant times from in or about 2012 through January 2023.

5.  Defendant GWSC is a New York corporation with its corporate headquarters in Westbury, New York.

6.  GWSC maintains offices and does business in, among other places, Nassau and Suffolk Counties within the State of New York.

7.  GWSC is an employer as defined by the FMLA, ADA, and NYSHRL.

8.  Upon information and belief, GWSC employs more than fifty (50) employees across two locations in Westbury, New York and Holbrook, New York, each of which are within seventy-five (75) miles of each other.

**JURISDICTION, VENUE, AND EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including the FMLA (29 U.S.C § 2617), and the ADA.

10. This Court has supplemental jurisdiction over Plaintiff's related claims arising under the NYSHRL pursuant to 28 U.S.C. § 1367(a).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful employment practices were committed in the Eastern District of New York.

12. Further, Plaintiff has timely filed a charge of disability discrimination and retaliation with the United States Equal Employment Opportunity Commission (hereinafter the "EEOC"), which charge was duly filed with the New York State Division of Human Rights (hereinafter "NYSDHR") on April 17, 2023.

13. Plaintiff awaits a Notice of Right to Sue and agrees to stay his claims under the ADA until the 180-day statutory conciliation period required by 42 U.S.C. § 2000e–5(f)(1) has elapsed.

14. Plaintiff has otherwise fully complied with all prerequisites to jurisdiction in this Court under the ADA.

**FACTS**

15. For over a decade, Plaintiff dedicated himself to the performance of his duties as a truck mechanic while employed for the benefit of GWSC.

16. Throughout his ten (10) year tenure at GWSC, he demonstrated a loyal and exemplary performance and had an unblemished record of employment, rendering him qualified for his position.

17. Unfortunately, in November of 2022, Plaintiff informed GWSC of his serious medical condition and was required to take time off to take care of his disability and health.

18. Yet, GWSC took this opportunity to callously discriminate against him based on his disability and, to add insult to injury, terminated him with complete disregard of the notes by his treating physician and his attempt to return to work.

19. Instead, GWSC failed to engage in an interactive process to determine whether a reasonable accommodation could be offered to him as required under the ADA.

20. Moreover, GWSC failed to notify Plaintiff of his rights to twelve (12) weeks of unpaid leave under the FMLA.

21. Unfortunately, in or about November 2022, Plaintiff was diagnosed with a deteriorating medical condition which required him to take time off to take care of his health.

22. Specifically, Plaintiff was diagnosed with a herniated disc pressing on the sciatic nerve which caused excruciating pain and affected his performance, and thus is a qualified individual with a disability under the ADA, and a qualified individual with a serious health condition under the FMLA.

23. As a result of Plaintiff's disability, major life activities were substantially limited.

24. Specifically, Plaintiff could not walk, kneel, or drive as a result of his serious medical condition.

25. Indeed, prior to being diagnosed in November 2022, since in or about June 2022, Plaintiff was struggling to perform his duties due to his serious health condition and disability.

26. As a result of Plaintiff's serious health condition and disability, Plaintiff was required to undergo treatment for spine compression, among other forms of treatment, which required him to take a leave of absence from work.

27. Though Plaintiff informed GWSC of his serious health condition and provided a doctor's note, upon information and belief, GWSC failed to inform Plaintiff of his eligibility for unpaid job-protected leave under the FMLA as required by law, nor did GWSC consider giving Plaintiff any reasonable accommodation, including – but not limited to –unpaid leave beyond the twelve (12) week period offered under the FMLA (and failed to engage in the interactive process to address his request).

28. Additionally, given Plaintiff's disability, a herniated disc pressing on the sciatic nerve, and the need to take time off to undergo treatment for spine compression and related treatments, and to prevent the exacerbation of his medical condition based upon his doctor's orders, Plaintiff requested leave.

29. Plaintiff also required a reasonable accommodation for his disability upon his return to work in March 2023.

30. Yet, as his condition began to further deteriorate and without any effort from GWSC to engage in the interactive process, Plaintiff – at the direction of his doctors – took a leave of absence, and sought to return to work on March 12, 2023, per the medical documentation he provided to GWSC.

31. Plaintiff was then notified that he was terminated on or about January 24, 2023.

32. At no point in time did GWSC ever advise Plaintiff of his rights to twelve (12) weeks of unpaid leave under the FMLA.

33. At no point in time did GWSC ever engage in any interactive dialogue with Plaintiff to determine whether any reasonable accommodation could be afforded to him without undue hardship to GWSC.

34. Instead, GWSC acted in contravention of Plaintiff's rights and in violation of the law by terminating him as soon as he could not serve GWSC's purposes.

## COUNT ONE
### Interference in Violation of the FMLA, 29 U.S.C. § 2615(a)(1)

35. Plaintiff repeats and realleges paragraphs 1 through 30 hereof as if fully set forth herein.

36. GWSC is an employer covered by the FMLA pursuant to 29 U.S.C. §2601, *et seq.*, because it is a private businesses that, upon information and belief, employed fifty or more employees for each working day for at least twenty (20) workweeks in the year prior to Plaintiff's leave.

37. Plaintiff is an FMLA-eligible employee because he was employed by GWSC for approximately ten (10) years prior to requesting FMLA leave and been employed by GWSC for over 1,250 hours in the twelve (12) month period prior to his request.

38. Plaintiff was entitled to FMLA leave because he suffered from a serious health condition that required him to take time off from work.

39. In accordance with the FMLA, in November 2022, Plaintiff notified GWSC of his serious health condition and need for time off due to same.

40. Plaintiff was thus eligible for benefits under the FMLA.

41. GWSC engaged in prohibited conduct under the FMLA by interfering with, restraining, or denying Plaintiff's rights provided under the FMLA.

42. GWSC denied Plaintiff a benefit to which he is entitled under the FMLA in that it refused to provide him with notice of his rights under the FMLA pursuant to 29 U.S.C. § 2615(a)(1).

43. GWSC discouraged Plaintiff from obtaining benefits by refusing to provide him with notice of his rights.

44. GWSC's actions foreclosed Plaintiff's rights under the FMLA, including but not limited to the right to be returned to his position.

45. As a direct and proximate result of GWSC's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

46. Plaintiff is also entitled to liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## COUNT TWO
### Retaliation in Violation of the FMLA, 29 U.S.C. § 2615(a)(2)

47. Plaintiff repeats and realleges paragraphs 1 through 42 hereof as if fully set forth herein.

48. Plaintiff exercised his FMLA rights by taking FMLA leave from his job from November 2022 through March 2023.

49. Plaintiff was qualified for his position and had performed his job duties effectively prior to the acts complained of here.

50. Plaintiff suffered an adverse employment action in that he was subjected to wrongful termination.

51. GWSC's disparate treatment of Plaintiff began immediately when he sought leave and culminated in his termination when he sought restoration of his job in January 2023.

52. GWSC's decision to fire Plaintiff on January 24, 2023 occurred immediately after he sought restoration of his job.

53. GWSC's alleged reason for terminating Plaintiff's employment, i.e., that his position was eliminated, is pretextual and baseless because truck mechanics are always needed at GWSC to ensure delivery of medical supplies as advertised on its website.

54. GWSC's conduct constitutes unlawful retaliation against Plaintiff in violation of his rights under the FMLA, 29 U.S.C. § 2615(a).

55. As a direct and proximate result of GWSC's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

56. Plaintiff is also entitled liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## COUNT THREE
### Failure to Provide a Reasonable Accommodation in Violation of the ADA, (42 U.S.C. §§ 12181, *et seq.*)

57. Plaintiff repeats and realleges paragraphs 1 through 52 hereof as if fully set forth herein.

58. In November 2022, Plaintiff was diagnosed with a herniated disc pressing on his sciatic nerve making him a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111 of the ADA.

59. Plaintiff could perform the essential functions of his position with or without reasonable accommodation.

60. In November 2022, Plaintiff notified GWSC about his disability and requested a reasonable accommodation for leave and/or extended leave.

61. GWSC refused and failed to engage in the interactive process, effectively denied Plaintiff's request for extended leave, and summarily terminated him upon his request to return.

62. Plaintiff suffered damages as a result of GWSC's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action.

63. GWSC intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, are liable for punitive damages.

## COUNT FOUR
### Retaliation in Violation of the ADA, 42 U.S.C. §§ 12181, *et seq.*

64. Plaintiff repeats and realleges paragraphs 1 through 63 hereof as if fully set forth herein.

65. Plaintiff was qualified for his position when GWSC fired him.

66. In January 2023, Plaintiff engaged in protected activity by complaining to GWSC about the discriminatory treatment he faced because of Plaintiff's disability and requests for reasonable accommodation.

67. Specifically, Plaintiff told GWSC that he believed no one was responding to him about returning to work because he had requested and taken leave.

68. Only shortly after Plaintiff complained, GWSC summarily fired him on January 24, 2023 by stating that they "eliminated" his position.

69. GWSC's alleged reason for terminating Plaintiff's employment is pretextual and baseless. They fired Plaintiff because he complained of disability discrimination in early January 2023.

70. Plaintiff suffered damages as a result of Defendants' unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

71. Defendants intentionally violated Plaintiff's rights under the ADA, with malice or reckless indifference, and, as a result, are liable for punitive damages.

## COUNT FIVE
### Discrimination in Violation of the NYSHRL, N.Y. Exec. Law § 296

72. Plaintiff hereby repeats and realleges paragraphs 1 through 72 of the Complaint as if more fully set forth herein.

73. Pursuant to the NYSHRL, it shall be an unlawful discriminatory practice for an employer because of an individual's disability to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions, or privileges of employment. See N.Y. Exec. Law § 296(1)(a).

74. Pursuant to the NYSHRL, any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate. See N.Y. Exec. Law § 297(9).

75. Pursuant to the NYSHRL, it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this article, or attempt to do so. See N.Y. Exec. Law § 296(6).

76. Defendant GWSC discriminated against Plaintiff in the terms and conditions of his employment because of his disability in violation of § 296(1)(a) of the NYSHRL.

77. Plaintiff was disabled since in or about November 2022, and therefore is a member of a protected class under the NYSHRL.

78. GWSC engaged in a course of conduct, as stated above, which resulted in adverse employment actions against Plaintiff because of his disability, including but not limited to failing to engage with Plaintiff in an interactive process to determine whether a reasonable accommodation could be offered.

79. As a proximate result of GWSC's conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT SIX
### Retaliation in Violation of the NYSHRL, N.Y. Exec. Law § 296

80. Plaintiff hereby repeats and realleges paragraphs 1 through 90 of the Complaint as if more fully set forth herein.

81. Pursuant to the NYSHRL, it shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because

he or she has filed a complaint, testified, or assisted in any proceedings under this article. See N.Y. Exec. Law § 296(7).

82. Plaintiff engaged in protected activity under the NYSHRL by opposing discriminatory conduct that would constitute a violation of the NYSHRL.

83. GWSC was aware of the protected activity.

84. GWSC undertook an adverse employment action against Plaintiff by terminating him.

85. GWSC undertook the adverse employment action against Plaintiff because he complained about not being reinstated to his position due to taking leave.

86. As a proximate result of GWSC's conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment from the Defendants as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for his past and future loss of wages, and benefits, plus statutory prejudgment and post-judgment interest;

C. Award to Plaintiff front pay (including benefits);

D. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest or as otherwise provided by the causes of action;

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

F. Award to Plaintiff compensatory damages;

G. Award to Plaintiff punitive damages; and

H. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all claims properly triable by a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: Forest Hills, New York
April 21, 2023

Respectfully submitted,

**SHALOM LAW, PLLC**

_____/s_____
Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills, NY 11375-6737
(718) 971-9474 (office)
(718) 865-0943 (facsimile)
jonathan@shalomlawny.com

*Attorneys for Plaintiff*
*Mohammed Khan*